UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCO PABLO PEROSSIO,

              Plaintiffs,

    -against-

PURE GROWTH CONSULTING, LLC,
AND CHRIS CLARKE,

           Defendants.

18-CV-1946 (BCM)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/31/23

**BARBARA MOSES, United States Magistrate Judge**.

The Court has received and reviewed the parties' joint letter-motion dated December 20, 2022 (Joint Ltr.) (Dkt. 51), seeking approval of their fully-executed Settlement and Release Agreement (Ag.) (Dkt. 51-1) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Stipulation of Settlement requires defendants collectively to pay $52,500, "no later than the close of business on the third business day after the Court's approval of the Settlement and Release Agreement," to settle plaintiff's claims under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). Ag. ¶ 3; Joint Ltr. at 1. Of that sum, $35,000 will go to plaintiff Francisco Pablo Perossio, while the remaining $17,500 will go to plaintiff's counsel, Lee Nuwesra, Esq., for his fee. Ag. ¶ 3; *see also* Nuwesra Decl. (Dkt. 51-2) ¶¶ 6-7. (Counsel does not separately seek costs or expenses.) The parties are to file a Stipulation of Dismissal with Prejudice within three business days after plaintiff's counsel receives the settlement payment. Ag. ¶ 4.[1]

    The financial terms of the Agreement were arrived at after arm's-length bargaining between the parties' experienced employment and labor counsel, supervised by the Court, and are fair and reasonable. Plaintiff, who was employed as a driver, brought claims under the FLSA and

---

[1] The Stipulation of Dismissal with Prejudice was supposed to be attached as Exhibit A to the Agreement but was not submitted to the Court.

NYLL for unpaid overtime wages, spread-of-hours pay, interest, and liquidated damages, alleging that he regularly worked 55-60 hours per week, from November 2013 to December 2016, at the flat rate of $1000 per week, with no overtime. *See* Joint Ltr. at 1-2. Defendants, for their part, maintained throughout the case that plaintiff was not their employee. *Id*. Defendants contended that they contracted with a New York corporation called Del Sur, Inc. (set up by plaintiff and his wife) for his services; that they paid Del Sur a flat weekly rate, evidenced by a Form 1099-Misc., with no deductions for taxes or benefits; and that it was Del Sur's responsibility to compensate plaintiff in accordance with the FLSA, the NYLL, and the tax laws. *Id*. at 2. Defendants also argued that plaintiff worked fewer hours than alleged. *Id*.

The gross settlement payment of $52,500 represents approximately 63% of plaintiff's allegedly unpaid overtime compensation of $83,925, and approximately 20% of his theoretical maximum recovery of $260,000. Joint Ltr. at 1, 2. That theoretical sum includes unpaid spread-of-hours pay (for which plaintiff is not eligible because he was paid more than the minimum wage, *see* NYLL § 144-1.6; *Malena v. Victoria's Secret Direct, LLC*, 886 F. Supp. 2d 349, 368 (S.D.N.Y. 2012)), liquidated damages on the spread-of-hours claim as well as the overtime claim, and interest. Joint Ltr. at 1. The parties agreed to the settlement terms after conducting an initial, unsuccessful mediation, followed by document discovery, and ultimately participating in a judicially-supervised settlement conference before me on November 14, 2022. *Id.* at 3; *see also* Nuwesra Decl. Ex. B-2 (Dkt. 51-4) (Timesheets). After the conference, the parties consented to my jurisdiction for all purposes (Dkt. 46), and stipulated to the dismissal of plaintiff's claims for race discrimination under federal and local law. (Dkts. 49, 50.)

The settlement allows all parties to avoid the expense, delay, and uncertainty of proceeding with the litigation, *see* Joint Ltr. at 3, including the risk that plaintiff will recover nothing (if

defendants show that he was not their employee) or substantially less than he sought (if defendants show that he worked little overtime) at trial. Under these circumstances, the Court is satisfied that the settlement represents "a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014).

The non-economic terms of the Agreement are also fair. Plaintiff and defendants will exchange mutual, general releases. Ag. ¶¶ 5-6. There is no rehiring prohibition, and no confidentiality clause or other restriction on plaintiff's ability to discuss his employment with defendants, this action, or the terms of the settlement.

The proposed attorneys' fee award of $17,500 represents one-third of the gross settlement payment, which is consistent with the contingency agreement that plaintiff signed (Dkt. 51-3) and is approximately 53% of counsel's stated lodestar of $32,750 for his work in this Court. *See* Timesheet at 3.[2] Given the recovery obtained by counsel in this action, the award is not excessive.

Having carefully reviewed the financial and non-financial terms of the Agreement, I find that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 199. Accordingly, the joint letter-motion is **GRANTED** and the proposed settlement is **APPROVED**. The parties shall file their Stipulation of Dismissal within three business days after the settlement amount is paid.

Dated: New York, New York
      January 31, 2023

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

[2] Counsel also reports that he spent 5 hours defending Mr. Perossio in a state court lawsuit brought against him by Mr. Clarke. *See* Timesheet at 4. That lawsuit – inactive since 2018 – was dismissed in connection with the settlement now before me. *See* Nuwesra Decl. ¶ 13.